UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| XOCHI F. ROSE, | Case No. C17-1899RSM |
| Plaintiff, | ORDER DENYING MOTION FOR |
| v. | PRELIMINARY INJUNCTION |
| STATE OF HAWAII, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Motion to Request Preliminary Injunction. Dkt. #25. No Defendant has appeared in this matter. Plaintiff has incorrectly noted this Motion for consideration on "April 03, 2016," in her caption and April 3, 2018, in the Court's CM/ECF system. Under this Court's Local Rules, Motions for Preliminary Injunction are to be noted for consideration "no earlier than the fourth Friday after filing and service of the motion." LCR 7(d)(3). Therefore, the correct noting date would be no earlier than April 27, 2018. In any event, the Court has determined that it can rule on this Motion without any response from Defendants.

Plaintiff seeks an Order which: a) compels the Defendants to immediately restore her subcontractor licenses in the State of Hawaii, b) compels the Defendant to provide her a monthly stipend of $17,000 "for personal, legal, corporate, and campaign use;" c) waives the

1
2
3
4
5
6
7
8
9
10
11

"nerve center" test for diversity of citizenship so that she may obtain residences in both Hawaii and Washington State; and d) compels the Defendants to disclose certain discovery requests. Dkt. #25 at 2. Plaintiff justifies these requests by arguing that her business is "globally unique;" that she is "a unique individual person," "irreplaceable," and "priceless;" and because she "cannot pursue her business interests or her political agenda due to her current limited financial situation. . . . caused directly by the actions of the Defendants." *Id*. at 1. Plaintiff states, without further explanation, that "[d]ue to the uniqueness of this case, the Plaintiff is unable to quantify amounts of actual, punitive, and exemplary damages." *Id*. Plaintiff provides no further factual detail, and her Motion contains no citations to evidence or law.

12
13
14
15
16
17

To obtain a preliminary injunction, the moving party must show (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24-25, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008).

18
19
20

As an initial matter, this Motion is premature given that Defendants have yet to appear, and the Court rarely grants this type of relief without notice to Defendants and an opportunity to be heard. *See* LCR 65(b).

21
22
23
24
25
26
27
28

Plaintiff's Motion is frivolous on its face. She does not discuss the merits of her case, instead simply demanding the Court, based on her uniqueness, grant now the relief she is seeking in this action. Plaintiff has therefore failed to show she is likely to succeed on the merits. The Court is not convinced Plaintiff could suffer irreparable harm in the absence of preliminary relief, as her Complaint states her injuries are financial losses that can be recovered should she prove successful in this action. *See* Dkt. #4 at 7. The other forms of relief she

requests now are plainly frivolous, premature, or unsupported by the law. The Court notes that Plaintiff's discovery request is premature given that Defendants have not appeared and the parties have not conducted the Rule 26(f) conference.

Having reviewed Plaintiff's Motion and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff's Motion to Request Preliminary Injunction (Dkt. #25) is DENIED.

2) Plaintiff shall file no further motions related to discovery until after Defendants have appeared and after the required Rule 26(f) conference.

3) The Clerk shall mail a copy of this Order to Plaintiff via U.S. Mail.

DATED this 3 day of April, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE